UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 97-141

GORDON JACKSON                              SECTION: "B"

ORDER AND REASONS

Before the Court are defendant Gordon Jackson's motion to reduce sentence (Rec. Doc. 473) and the government's response in opposition (Rec. Doc. 483). Accordingly,

**IT IS ORDERED** that defendant's motion (Rec. Doc. 473) is **DENIED.**

Section 401 of the First Step Act (the "Act") reduces the mandatory minimum sentence for offenses committed pursuant to 21 U.S.C. § 841. Section 401(C) of the Act states:

> APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*

FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194 (emphasis added). The Act clearly states that its provisions will apply to any offense committed *before* the date of enactment of the Act, but only if the sentence has yet to been imposed by the date of its enactment. The Act became effective on December 21, 2018, and as such, any defendant convicted of an offense taking place prior to the enactment must have been sentenced prior to

December 21, 2018. Here, defendant was convicted of conspiracy to possess cocaine with the intent to distribute, a violation of 21 U.S.C. §§ 841(a)(1), 846, on June 9, 1998. Rec. Doc. 1998, Minute Entry. Thereafter, defendant was sentenced on *September 23, 1998*. Clearly, defendant was convicted and sentenced well before the effective date of the First Step Act of 2018 and is not entitled to a reduction in sentence.

Further, the Fifth Circuit has recently held that even defendants sentenced only weeks after the enactment of the First Step Act of 2018 are not entitled to a reduction in sentence. In *United States v. Staggers*, the Fifth Circuit held that two defendants who were convicted before, but not sentenced until "[s]everal weeks" after the enactment of the First Step Act, were not entitled to a sentence reduction. *United States v. Staggers*, 961 F.3d 745, 750 (5th Cir. 2020). Specifically, the court noted:

> A sentence is imposed when it is pronounced by the district court and not, as [defendants] would have it, when the appellate process comes to an end. We thus agree with the Sixth Circuit that, for the purposes of § 401(c) of the First Step Act, 'a sentence is 'imposed' when the trial court announces it, not when the defendant has exhausted his appeals from the trial court's judgment.' Accordingly, we conclude that [defendants] do not benefit from § 401 of the First Step Act and that the district court's determination that they were subject to mandatory minimum sentences of life imprisonment was—and remains—correct.

*Id*. at 753 (internal citations omitted).

Accordingly, as defendant was sentenced on September 23, 1998, nearly two decades before the enactment of the Act, he is not entitled to a reduction in sentence.

New Orleans, Louisiana this 25th day of August, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE