UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 97-141** |
| **GORDON JACKSON** | **SECTION "B"** |

## ORDER AND REASONS

Before the Court are petitioner Gordon Jackson's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 487), the government's opposition (Rec. Doc. 493), and petitioner's response to the government's opposition (Rec. Doc. 496). For the following reasons,

**IT IS ORDERED** that petitioner's motion for compassionate release (Rec. Doc. 487) is **DENIED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In January of 1997, Jackson was charged with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Jackson*, No. 98-31091, 1999 WL 706084, at *1 (5th Cir. Aug. 17, 1999). Jackson has two prior felony drug convictions. *Id.* Specifically, he was charged in Louisiana state court for possession of cocaine in June of 1990 and for possession of phencyclidine (PCP) in July of 1991; Jackson was sentenced to four and seven and a half years, respectively, with the sentences to run concurrently. Rec. Doc. 380 at 10.[1] In 1997, the jury convicted Jackson under §§ 841(a)(1) and 846 and he was sentenced to life in prison because of his two prior felony drug convictions. *Jackson*, No. 98-31091, 1999 WL 706084, at *1. If sentenced today under the amended penalties in 18 U.S.C. § 841(b), § 401 of the First Step Act, the new guideline range would be an advisory imprisonment range between 262 to 360 months.

---

[1] Rec. Doc. 380 is a sealed document.

1

## LAW AND ANALYSIS

### A. Standard of Review

A defendant may move the court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to the warden, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). If a defendant has properly moved for compassionate release, the court may reduce a defendant's sentence if it finds that extraordinary and compelling reasons warrant a reduced sentence and, subsequently, a reduction is in compliance with the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1); *Ward v. United States*, 11 F.4th 354, 359-60 (5th Cir. 2021). The extraordinary and compelling reasons that warrant a sentence reduction must also be consistent with the Sentencing Commission's applicable policy statements. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving compassionate relief. *See United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

### B. Lapse of Thirty Days from a Request for Relief to the Warden

Jackson submitted a request to the Bureau of Prisons seeking compassionate release on September 21, 2023. Rec. Doc. 487-2. On December 5, 2023, Jackson filed a motion for compassionate release in this Court. Rec. Doc. 487 at 3. Here, Jackson has met the requirements for requesting compassionate release because thirty days have lapsed between Jackson seeking compassionate release from the warden and his motion for compassionate release to this Court. *See* Rec. Doc. 487-2; Rec. Doc. 487 at 3.

### C. §1B1.13(b)(6) Validity

Prior to arguing that Jackson cannot provide extraordinary and compelling reasons for a reduction in sentence, the government alleges that § 1B1.13(b)(6) is invalid. Rec. Doc. 493 at 7-13. The Fifth Circuit has not directly addressed the validity of § 1B1.13(b)(6). *See United States*

2

*v. Elam*, No. 22-40373, 2023 WL 6518115, at *2 (5th Cir. Oct. 5, 2023) (noting that a policy statement from the Commission indicating "that district courts 'may' consider changes in the law as part of 'extraordinary and compelling' reasons analysis, but 'only' after 'full[y] consider[ing]' the prisoner's 'individual circumstances'" applies to Bureau of Prisons and prisoner motions for compassionate release); *United States v. Martinez*, No. 23-50418, 2024 WL 658952, at *1 (5th Cir. Feb. 16, 2024) (citation omitted, alterations in original) ("We note that after the denial of Martinez's motion for compassionate release, the Sentencing Commission amended the policy statement to provide that district courts 'may' consider changes in law as part of the 'extraordinary and compelling' reasons analysis, but 'only' after 'full[y] consider[ing]' the prisoner's 'individualized circumstances'"); *United States v. Austin*, 125 F.4th 688, 692 (2025) (explaining that § 1B1.13(b)(6) states "that a nonretroactive change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason. But that changes nothing" because "the Sentencing Commission cannot make retroactive what Congress made non-retroactive") (internal quotation omitted). However, the Fifth Circuit recently held that "[a] non-retroactive change in the law cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)." *Austin*, 125 F.4th at 693. This Court does not need to determine the validity of § 1B1.13(b)(6) because Jackson's compassionate release argument relies on a non-retroactive change in the law under § 401 of the First Step Act, which the Fifth Circuit has held is not an extraordinary and compelling reason for compassionate release. *See id.* at 692.

D. **Extraordinary and Compelling Reasons**

Jackson argues that extraordinary and compelling reasons warrant a reduction in sentence because of a subsequent change to the statutory definition of "serious drug felony" under § 401 of

3

the First Step Act. Rec. Doc. 487 at 4. Today, § 401 has a maximum sentence twenty-five years. *Id.*; 21 U.S.C. § 841 (b) (2022); 21 U.S.C. § 841 (1996) (amended 1998). Previously, courts in the Eastern District have granted compassionate release motions under amendments to § 401 of the First Step Act. *See e.g., United States v. Daniels*, No. 16-08, 2022 WL 43625, at *1 n.4 (E.D. La. Jan. 5, 2022); *United States v. Ciprano*, No. 92-350, 2022 WL 503742, at *2 (E.D. La. Feb. 18, 2022). However, the Fifth Circuit recently clarified that changes to § 401 of the First Step Act do not present extraordinary and compelling reasons for compassionate release. *Austin*, 125 F.4th at 692.

Specifically, in *United States v. Austin*, the Fifth Circuit stated that it has repeatedly reaffirmed its holding in *United States v. Escajeda* that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *Id.* (quoting *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam)); *see also United States v. Escajeda*, 58 F.4th 184, 186 (2023). "If we were to hold otherwise, we would 'usurp the legislative prerogative and use 18 U.S.C. § 3582(c)(1) to create retroactivity that Congress did not." *Austin*, 125 F.4th at 692 (quoting *McMaryion*, No. 21-50450, 2023 WL 4118015, at *2); *see also Elam*, No. 22-40373, 2023 WL 65118155, at *1-2; *United States v. Cardenas*, No. 19-40425, 2024 WL 615542, at *2 (5th Cir. Feb. 14, 2024) (per curiam). The Fifth Circuit binds this Court; therefore, we must hold that Jackson has not presented extraordinary and compelling reasons through subsequent amendments to § 401 of the First Step Act.

E. **18 U.S.C. §3553(a) Sentencing Factors**

As the final step in the compassionate release evaluation, the § 3553(a) factors must independently support a sentencing reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §

4

1B1.13(a) ("[T]he court may reduce a term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) . . . ."). As the Fifth Circuit has expressed it, the § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. Mar. 9, 2022) (citing *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020)).

In maintaining "a sentence sufficient, but not greater than necessary," this Court evaluates Jackson's compassionate release motion through the stated factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a). The court's application of the § 3553(a) factors is discretionary. *See Ward*, 11 F.4th at 360 (quoting 18 U.S.C. § 3582(c)(1)(A)) ("[M]otions for compassionate release are inherently discretionary. By statute, a district court 'may' reduce an otherwise-eligible defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"); *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) ("[A] 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.' Thus, we give deference to the district court's decision and note that reversal is not justified where 'the appellate court might reasonably have concluded that a different sentence was appropriate.' "). While noting that the Supreme Court has described, "for argument's

5

sake," a district court to have "equivalent duties when initially sentencing a defendant and when later modifying the sentence," the Fifth Circuit has concluded "[f]lexibility and discretion from rigid rules is particularly applicable when there is a motion to modify a sentence." *Ward*, 11 F.4th at 361 (discussing *Chavez-Meza v. United States*, 585 U.S. 109, 115-16 (2018)).

Jackson avers that he meets the sentencing factors because he has incurred only one minor disciplinary infraction over the last eleven years, has completed thirty-one personal improvement courses, including obtaining his G.E.D. and completing a residential drug abuse program, and volunteers as a suicide watch and mental health companion. Rec. Doc. 487 at 5. The government disagrees, stating that Jackson's criminal history has spanned over a decade. Rec. Doc 493 at 20. Additionally, Jackson has thirteen (13) criminal history points for six prior felony convictions, including firearm offenses, burglary, narcotics offenses, and parole violations, resulting in a criminal history category of VI. *Id.* at 20-21. Subsequently, the government states that it likely would have argued for an upward variance in Jackson's case. *Id.* The government contends that his criminal history, taken together, weighs heavily against compassionate release. *Id.*

Jackson focuses on his history and characteristics while incarcerated rather than the nature, circumstances, and goals of his sentence. *See* Rec. Doc. 487 at 5. Under § 3553(a)(2), Jackson's sentence must reflect the seriousness of his offense, promote respect for the law, and provide just punishment for the offense, among other requirements. *See* 18 U.S.C. § 3553(a)(2)(A). Jackson is serving a life sentence as a result of his repeat offending. Rec. Doc. 487 at 3. Therefore, his life sentence promotes respect for the law, reflects the seriousness of the offense, and provides just punishment. Altogether, Jackson does not meet the sentencing factors and is not entitled to

compassionate release.

New Orleans, Louisiana this 23rd day of May, 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE